UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MOHAMMED AMRAN CHOWDHURY,

Plaintiff,

v. Case No: 2:24-cv-953-KCD-KRH

FIRST AMERICAN MORTGAGE SOLUTIONS, LLC,

Defendant.

---

**ORDER**

When Plaintiff Amran Chowdhury applied to refinance his mortgage, he did not expect the process to be derailed by a property in the Bronx. After all, he had never lived in New York. But Defendant First American's "FraudGuard" product flagged a Bronx address as a "potential undisclosed liability," and nonparty Freedom Mortgage subsequently denied his loan application.

Chowdhury claims the erroneous FraudGuard report is to blame for the denial. To help make his case, he offers the expert testimony of Wisam Reda. First American now moves to exclude Reda's report and opinions, arguing that

his testimony fails the reliability and relevance gatekeeping standards of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and Federal Rules of Evidence 702, 401, 402, and 403. (Docs. 38, 46.)

Admission of expert testimony is governed by Federal Rule of Evidence 702. A district court determines the admissibility of expert testimony under Rule 702 by considering whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Knepfle v. J-Tech Corp.*, 48 F.4th 1282, 1294 (11th Cir. 2022).[1] In short, "the expert must be qualified; his methodology must be reliable; and his testimony must be helpful to the trier of fact." *Doe v. Rollins Coll.*, 77 F.4th 1340, 1347 (11th Cir. 2023). "[T]he party seeking to introduce the expert at trial bears the burden of establishing his qualifications, reliability, and helpfulness." *Knepfle*, 48 F.4th at 1294.

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

The Court previously determined that there is no genuine issue of material fact as to any causal connection between the inclusion of the New York property in the FraudGuard report and the denial of Chowdhury's mortgage application. (*See* Doc. 80 at 13-15.)[2] The Court finds, therefore, that Reda's opinions and report is not helpful "to understand the evidence or to determine a fact in issue" in this case. *Knepfle*, 48 F.4th at 1294.

Accordingly, it is now **ORDERED:**

1. Defendant's Motion to Exclude the Opinions and Report of Plaintiff's Expert Wisam Reda (Docs. 38, 46) is **GRANTED.**

**ENTERED** in Fort Myers, Florida on August 11, 2026.

Kyle C. Dudek
United States District Judge

[2] Both parties have filed motions to reconsider the Court's Summary Judgment Order. Unless and until the Court enters an Order vacating its prior decision, however, its ruling still stands.